## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

January, 1917.

## THE PEOPLE v. CHARLES BOEHM.

(176 App. Div. 401.)

SENTENCE TO IMPRISONMENT *—SUSPENSION OF EXECUTION OF JUDGMENT.

Where the defendant in a criminal action has been sentenced to a definite period of imprisonment in a penitentiary, the court has no power subsequently to suspend the execution of that part of the judgment which provides for the imprisonment.

Under the circumstances the provisions of the Code of Criminal Procedure and the Penal Law relating to placing criminals on probation have no application.

LAMBERT and FOOTE, JJ., dissented, with memorandum.

APPEAL by the defendant, Charles Boehm, from a judgment of the County Court of Onondaga county, rendered against him on the 7th day of April, 1916, revoking the suspension of execution of that part of a judgment entered in said court on the 28th day of November, 1914, which provides for the imprisonment of the defendant in the Onondaga County penitentiary for a term of one year, and ordering the said judgment to be executed.

*Ray B. Smith,* for the appellant.

*George W. Standen,* for the respondent.

KRUSE, P. J.:

I find no authority in either the Code of Criminal Procedure or the Penal Law, or in any other statute, which authorizes a

* See Note, Vols. 13, p. 421; 11, p. 487.

court to indefinitely suspend the execution of the sentence after it has been pronounced, in a case like this. The provisions of the Code of Criminal Procedure and the Penal Law relating to placing on probation a criminal have no application to this case. Concededly, the defendant was not put upon probation. It is said that courts have inherent power under the common law to suspend the execution of judgment after it has been pronounced. Even so (although the Federal Supreme Court has recently held to the contrary, *Ex parte* United States, 242 U. S. 27), the order should be upheld, because there is no limitation of time by statute within which that may be done. If the suspension was illegal, there is all the more reason for setting it aside and enforcing the judgment.

In either view I think the order was proper. The order revoking the suspension of execution of judgment and ordering its execution should be affirmed.

All concurred, except Foote and Lambert, JJ., who dissented in a memorandum by Lambert, J.

Lambert, J. (dissenting):

November 28, 1914, in the County Court of Onondaga county, the appellant plead guilty to violation of section 971 of the Penal Law (the crime of having in possession gambling apparatus). This charge was a misdemeanor and the longest term of imprisonment that could have been inflicted was one year.

Upon such plea the court passed sentence that he pay a fine of $100 and be imprisoned for one year. The court then suspended the imprisonment phase of such sentence, during good behavior.

On the 16th of March, 1916, more than one year after the entry of such judgment of conviction, the defendant was indicted upon the charge of being a common gambler. He was arraigned upon such indictment in April, 1916, and plead not

guilty thereto.    Upon the motion of the district attorney the court then made an order in the former case revoking its previous order suspending the imprisonment phase of the judgment and directing that defendant be taken into custody and confined for the period of one year, as originally provided in the sentence of November, 1914.

The defendant has obtained a certificate of reasonable doubt and appeals from this latter order of the County Court.

In view of the various statutory provisions to be considered. it is well to bear in mind that in a criminal case the sentence of the court as minuted in the clerk's minutes is the judgment. Hence, if sentence be suspended, that means no judgment is passed, and there is nothing entered from which an appeal can be taken.    On the other hand, if sentence is passed, a right of appeal at once arises and this because the sentence and the judgment, are the same thing.   (People v. Markham, 114 App. Div. 387, 389; People v. Canepi, 181 N. Y. 398, 402.)

So far as our statutes are concerned, there seems to be explicit provision made for the suspending of sentence, that is, the suspending of the passing of judgment.   Such provisions are found in section 2188 of the Penal Law and section 470-a of the Code of Criminal Procedure.

There is no express statutory provision authorizing the court to pass its judgment or sentence and then suspend the operation of that judgment when made, either in whole or in part, except that by section 483 of the Code of Criminal Procedure such a power is expressly conferred within certain limits and in aid of a probation system.

An examination of this section discloses that it was not intended to apply to any situation similar to that here under advisement and there can be no serious claim that in section 483 of the Code of Criminal Procedure is to be found any direct authority for the course followed by the trial court.

Authority, then, for a court to pass its judgment in a criminal

case and then suspend execution of that judgment in whole or in part must be predicated either upon an inherent power in the court to control its own judgment and the time of its enforcement or it must be held that the provisions of section 2188 of the Penal Law and section 470-a of the Code of Criminal Procedure are broad enough in their general provisions to embody such a power. Until recently it seemed settled in this State that courts of criminal jurisdiction had inherent power at common law to pass judgment and then suspend or delay the execution of such judgment, in whole or in part, and for other purposes than the correction of errors, perfecting of appeals or like reasons. (People ex rel. Forsyth v. Court of Sessions, 141 N. Y. 288; People ex rel. Pasco v. Trombly, 173 App. Div. 497.)

At Special Term and following the above authority there have been two recent decisions in this State expressly upholding the rights sought to be exercised by the County Court in this instance. (People v. Goodrich, 149 N. Y. Supp. 406; People ex rel. Schindler v. Kaiser, 95 Misc. Rep. 681.) Both such decisions seem to be predicated in whole or in part upon such doctrine of the common law and inherent power of the court.

The authority of all these cases, in so far as same relate to the common law and inherent power of the court, is expressly disapproved by the recent decision in the Supreme Court of the United States. (Ex parte United States, 242 U. S. 27.) By that decision that court has determined that there is not and never was any such inherent or common-law power vested in the criminal courts. Such decision also expressly overrules the authority of People ex rel. Forsyth v. Court of Sessions (supra), which latter decision seems to have given rise to the various cases in this State upholding such power.

We feel bound to respect this recent decision of the Supreme Court of the United States as a controlling authority within its confines, and hence the attempted action of the County

Court in passing its judgment and then seeking to suspend execution of a portion of it, cannot be sustained upon any theory of an inherent or common-law power in the court.

Such a practice as was here attempted has, however, been repeatedly and generally followed by the courts of this State and unless substantial legal consideration requires, that well-defined practice should not, at this late day, be disturbed.

Examining then the express statutory authority conferred by section 2188 of the Penal Law and section 470-a of the Code of Criminal Procedure we find therein direct and ample authority for the court to suspend the entire judgment. This power thus expressly conferred is much broader and more comprehensive than the power the County Court sought to exercise in this case. Here it did not attempt to suspend the entire judgment, but only a portion thereof.

Does not the expressly granted power to postpone the entire judgment necessarily include the more limited right to postpone a portion of it only? It seems clear that it does, and that when the Legislature has declared the broader and more comprehensive authority, it has embodied therein by necessary implication the included and more restricted right of postponing the operation of a portion only of the same judgment which it might have postponed *in toto*.

Such a conception of the scope of these two statutory enactments seems to have generally obtained both among practitioners and jurists in this State.

The majority of this court have concluded that in its provisions authorizing the court to " suspend sentence " the Legislature intended to declare such power to exist only with reference to the passing of the sentence. It is argued that the section does not speak of the suspension of " execution of the sentence." But it is to be observed that neither does it speak of the suspension of " passing of sentence." The words used are " suspension of sentence."

Is not that choice of words as well satisfied by construing the same to mean a postponement of the " execution " as it is by limiting their meaning to the postponement of the " passing " of sentence? As a practical proposition the result produced is the same in either instance, both to the State and to the individual, whether the entire sentence be postponed or whether such sentence be pronounced and its enforcement be postponed.

There seems to be no more reason for holding that the use of the words " suspension of sentence " means suspension of passing of sentence than for holding that it means suspension of execution of sentence.

And this construction of this statute as embodying both has been generally adopted and followed by both practitioners and jurists.

Until the above recent decision in the Supreme Court of the United States, the power of the court to pass sentence and suspend its execution was generally recognized in this State.

That conception of the statute so universally adopted should be given great weight in determining the legislative intent. (People v. Goodrich, *supra,* and cases there cited.)

But this leaves a further question to be disposed of upon this appeal. Even assuming the power in the County Court to pass its judgment and then to suspend execution of that judgment, we are next confronted with the query of how long thereafter that court possesses power to bring the defendant back, and without trial or hearing, revoke its suspension order and carry the sentence into effect.

Here again there is no express statutory provision in words controlling this situation, and unless by implication the Legislature has fixed some limitation of time upon the right of the court to proceed with the execution of its sentence, that right would remain without limit in time except by the ordinary doctrine of *laches.* Yet it seems a harsh rule which would permit a court, for a minor offense, to hold over the offender for

years the continuous prospect of being at any time subjected to imprisonment at the whim of the court or prosecuting officials, without any right to in any manner try the propriety of the mandate revoking the suspension order and directing his confinement.

I think it possible to consistently place a limit upon such right of the court. In fact I think the Legislature has indicated the confines of such a power.

If the court had suspended the entire sentence it would have had no power to revoke such suspension order and inflict punishment after the expiration of the maximum term for which it might, in the first instance, have sentenced the defendant. In this instance that period would be one year. This is so because of the express provisions of section 470-a of the Code of Criminal Procedure, which provides as follows: " If the judgment be suspended after a plea or verdict of guilty or after a verdict against the defendant upon a plea of a former conviction or acquittal the court may pronounce judgment at any time thereafter within the longest period for which the defendant might have been sentenced; but not after the expiration of such period, unless the defendant shall have been convicted of another crime committed during such period."

The above line of reasoning as to the original power of the court to pass its sentence and then suspend its operation, applies equally to this question. It would be an anomaly to hold that the court, following suspension of its entire judgment, could not proceed to impose and carry out its judgment after a lapse of one year, and yet that if it suspended the effect of a portion only of such judgment, that then its right to proceed with its punishment was unlimited. Here again the limitation upon the greater power should be held to include, of necessity, one upon the lesser.

It seems to me that the express provision of section 470-a of the Code of Criminal Procedure indicates an intention of the

Legislature to limit the time within which offenders shall be punished after a suspension either of the entire judgment or of a portion of it to the longest time for which the offender might have been punished.

As applied to this case these conclusions would lead to a reversal of the order of the County Court revoking its prior suspension order and to a holding that by lapse of time power to enforce the judgment had expired and consequently that such judgment was satisfied.

Such a conclusion respects a time-honored custom of courts and practitioners, gives effect to all the various statutory enactments relating to such procedure and still assures to the offender a reasonable limitation upon his liability to punishment following a determination by the court that his is an appropriate case for somewhat of clemency.

Entertaining these views, I must dissent from the majority opinion about to be rendered by this court and vote for a reversal of the order appealed from and the discharge of the defendant.

FOOTE, J., concurred.

Order affirmed.