PEOPLE ex rel HENRY HIRSCHBERG, as District Attorney of Orange County, Relator, *v.* ALBERT H. F. SEEGER, County Judge of Orange County, the County Court et al., Respondents.

(Supreme Court, Rockland Special Term, May, 1917.)

Liquor Tax Law, § 36(1)— violation of — unlawful selling of liquor in "dry" town — criminal law — When court has no discretionary power to suspend sentence — when peremptory writ of mandamus granted.

Under section 36(1) of the Liquor Tax Law, the court, after a conviction for the unlawful selling of intoxicating liquors in a "dry" town, must impose a sentence of a term in the county jail or penitentiary of not less than thirty days, and has no discretionary power to suspend the execution of such sentence during the defendant's good behavior.

MOTIONS for peremptory writs of mandamus.

Henry Hirschberg, district attorney of Orange county, for relator.

Henry Kohl, for defendant Hawkes.

A. M. Fredricson, for defendant Poppo.

Supreme Court, May, 1917. [Vol. 100.

TOMPKINS, J. Sarah L. Hawkes and Jennie Poppo, who are parties to this proceeding, each plead guilty in the County Court of Orange county to separate indictments, charging each with violating the Liquor Tax Law, by selling intoxicating liquor in the town of Montgomery, in said county, in which town a liquor tax certificate was prohibited, as a result of a vote upon questions one, two and four submitted under section 13 of the Liquor Tax Law. In other words, the town was what is known as a " dry " town.

Neither defendant had a liquor tax certificate, and the sales with which they were charged, and to which they pleaded guilty, were without any pretext of right. Upon their respective pleas, the county judge sentenced each to pay a fine of $200, and to be confined in the county jail for a period of six months, and at the same time the learned county judge suspended the prison sentences during the good behavior of the defendants, and thereupon, after the payments of their fines, the defendants were discharged from custody. The district attorney in each case objected to the suspension of the jail sentence, upon the ground that subdivision 1 of section 36 of the Liquor Tax Law made a jail sentence in each case mandatory, and insisted that the court had no discretionary power to impose less than a thirty days' jail sentence, or to suspend the execution of such jail sentence as he might impose.

There is no question before the court on these motions as to the propriety of the action of the county judge in suspending the jail sentence, by him imposed, in the event that he had the legal right so to do, and the question is squarely presented on these motions whether the court, under the Liquor Tax Law, after a conviction for the unlawful selling of liquor in a " dry " town, has power to omit a jail sentence, or, if a term in prison is imposed, whether the court can,

in the exercise of its discretion, suspend the execution of the sentence during good behavior.

A comparison of the phraseology of subdivision 1 of section 36 of the Liquor Tax Law, which provides the penalty for the sale of liquor in a " dry " town, and the language of the other subdivisions of section 36, which provide the penalties for the unlawful trafficking in liquors by the holders of liquor tax certificates, clearly demonstrates, I think, the intention of the legislature with respect to the language employed in the 1st subdivision, and that that intention was to make a county jail or penitentiary sentence of not less than thirty days mandatory in cases of trafficking in liquors in " dry " towns.

Subdivision 1 of section 36 reads as follows: "Any person trafficking in liquors, who is prohibited from so doing by reason of the result of a vote on the local option questions or who traffics without having lawfully obtained a liquor tax certificate; or contrary to the provisions of section thirteen of this chapter; or who shall neglect or refuse to make application for a liquor tax certificate, or give the bond, or pay the tax imposed as required by this chapter, shall be guilty of a misdemeanor, and upon conviction therefor shall be punished by a fine of not less than two hundred dollars nor more than twelve hundred dollars, *and shall also be imprisoned* in a county jail or penitentiary *for a term of not less than thirty days* nor more than one year."

While the other subdivisions prescribing the punishment for such offenses as selling liquor on Sunday, and after the statutory hours, provide that any person convicted thereunder " shall be punished by a fine of not more than five hundred dollars, or by imprisonment in a county jail or penitentiary for a term of not more than one year, or by both such fine and imprison-

ment," it seems to me perfectly obvious that the legislature in making this unequivocal distinction in the matter of punishment between these two classes of cases intended to make a county jail or penitentiary term of not less than thirty days mandatory in the first class of cases; and this interpretation seems to be borne out by the penalty provisions of earlier legislation on this subject.

For instance, the original Raines Law of 1896 provided that one convicted of selling without a license should be punished " by a fine of not less than two hundred dollars, nor more than two thousand dollars, provided such fine shall equal at least twice the amount of the tax for one year, imposed by this act upon the kind of traffic in liquors carried on, where carried on, and may also be imprisoned in a county jail, or a penitentiary for the term of not more than one year;" and by chapter 486 of the Laws of 1903 the same alternative or discretionary provision was made with respect to the punishment of persons who trafficked in liquors in " dry " towns.

In 1908, the legislature substituted for the words " and may also be imprisoned," the words " and shall also be imprisoned," with respect to illegal sales in " dry " territory (Laws of 1908, chap. 350, § 34, subd. 1) and that is the language of the present law.

My conclusion from these several acts, and the unequivocal and unambiguous language employed, is that the legislature intended by the present law, that for an illegal liquor sale in a " dry " town, there must be a jail or penitentiary term imposed of not less than thirty days, and that the court has no power to suspend either the jail sentence or its execution.

Section 2188 of the Penal Law gives the court power in its discretion to suspend sentence during the good behavior of the person convicted, but the appli-

cation of that provision is expressly limited to crimes described in and declared by the Penal Law; while the crime of which these defendants were convicted is defined by the Liquor Tax Law, which is a statute complete in itself, defining the crime and prescribing the penalty and is no part of the Penal Law.

Whether the court has, independent of the statute, inherent power to suspend sentence in any criminal case is a debated question. In our state, it has been held that the court has such inherent power, but that is only in the absence of a legislative prohibition (*People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288; *People* v. *Goodrich,* 159 N. Y. Supp. 406; *People ex rel. Dunnigan* v. *Webster,* 14 Misc. Rep. 617) while the United States Supreme Court has recently held that there never was inherent power in the courts to indefinitely stay the execution of sentence during good behavior, but that such power as they possessed only extended to temporary stays pending applications for pardons, etc.

That is the substance of an opinon handed down in December, 1916, by Chief Justice White of the United States Supreme Court, in a proceeding entitled *Ex Parte United States Petitioner,* 242 U. S. 27.

Even if it be conceded that the court has inherent power to suspend sentence during good behavior, it must also be conceded, I think, that such power would not exist where the legislature in defining the crime makes a jail sentence mandatory, because the power to define crimes, and provide the penalties therefor, is a purely legislative function, and when lawfully and fully exercised cannot be defeated or nullified by judicial action; and it is my opinion that in these cases a term in the county jail or penitentiary of not less than thirty days is mandatory, and that the court, therefore, has no discretion in the matter,

Surrogate's Court, Madison County, May, 1917. [Vol. 100.

except with respect to the duration of the term of imprisonment.

In the case of *People ex rel. Schindler* v. *Kaiser,* 95 Misc. Rep. 681, cited by respondents, the question of the power of the court to suspend sentence in such a case as this was not directly involved, and the precise question seems never to have been decided in this state.

The motions for peremptory writs of mandamus will, therefore, be granted without costs.

Motions granted, without costs.