## SUPREME COURT —APPELLATE DIVISION — SECOND DEPARTMENT.

### October 5, 1917.

## THE PEOPLE ex rel. HENRY HIRSCHBERG v. ALBERT H. F. SEEGER et al.

(179 App. Div. 792.)

PRACTICE — SENTENCE OF FINE AND IMPRISONMENT — COURT CANNOT SUB-SEQUENTLY SUSPEND EXECUTION OF JAIL SENTENCE — RELIEF FROM SEN-TENCE EXECUTIVE NOT JUDICIAL FUNCTION — DISTINCTION BETWEEN SUS-PENSION OF SENTENCE AND RELIEF FROM SENTENCE IMPOSED.

Where a person has been actually sentenced to pay a fine and imprison-ment for six months for a violation of the Liquor Tax Law and has paid the fine, the court has no power to suspend the jail sentence during good behavior, for relief from the operation of the sentence actually imposed falls within the scope of the executive and not of the judicial power.

Until judgment is pronounced the case is still *sub judice* and, unless otherwise provided by law, the court has power to defer the imposition of the judgment, or in other words to suspend sentence. But when once pronounced, in the absence of further judicial proceedings justifying a stay, the power of the court over the execution of the sentence is gone.

APPEAL by the defendant, Sarah L. Hawks, from a final order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Rockland on or about the 21st day of April, 1917, directing that a writ of mandamus issue commanding the Honorable Albert H. F. SEEGER, county judge of Orange county, and the County Court of said county, to vacate an order suspending, during good behavior, the sentence of imprisonment imposed on one Sarah L. Hawks after conviction in the County Court, upon plea of guilty to an indictment charging a violation of the Liquor Tax Law and directing the enforcement of such sentence; and from

the order of the County Court, made on the 16th day of May, 1917, in obedience to the said writ.

*Henry Kohl,* for the appellant.

*Henry Hirschberg, District Attorney,* for the respondent.
BLACKMAR, J.:

The appellant, Sarah L. Hawks, was indicted by the grand jury of Orange county for selling spirituous liquors on February 22, 1917, in the town of Montgomery, Orange county, being a town in which a liquor tax certificate is prohibited as the result of a vote under section 13 of the Liquor Tax Law. (Consol. Laws, chap. 34 [Laws of 1909, chap. 39] as amd. by Laws of 1910, chap. 485.) She was brought to trial in the County Court of Orange county on the 22d day of March, 1917, pleaded guilty and was sentenced to pay a fine of $200, and to be imprisoned in the county jail for a term of six months. The fine was paid and the county judge suspended the jail sentence during good behavior. Thereafter, the mandamus to compel the execution of the jail sentence was prayed for and granted, and the defendant appealed to this court from the order granting the writ and from the order of the County Court vacating the order suspending the sentence.

The statute for violation of which the defendant was convicted, provides that upon conviction the defendant " shall be punished by a fine of not less than two hundred dollars nor more than twelve hundred dollars, and shall also be imprisoned in a county jail or penitentiary for a term of not less than thirty days nor more than one year." (Liquor Tax Law, § 36, as amd. by Laws of 1910, chap. 485.) The learned justice at Special Term, in directing the mandamus to issue, placed his order upon the ground that the statute required the actual imprisonment of the defendant. (100 Misc. 51.) With his reasoning and

conclusion we agree, but we think that the order may be sustained upon another ground.

It has been determined by our Court of Appeals that the power to suspend a sentence is inherent in the courts. (People ex rel. Forsyth v. Court of Sessions, 141 N. Y. 288.) As the question is not a Federal one, we must follow the doctrine of our Court of Appeals as laid down in the Forsyth case, regardless of that stated in the opinion of Chief Justice WHITE in Ex Parte United States (242 U. S. 27). In the instant case, chapter 279 of the Laws of 1893 (amdg. Penal Code, § 12), now section 2188 of the Penal Law, is irrelevant, for that law is confined to offenses defined by the Penal Law, whereas the offense for which the defendant was convicted was created by the Liquor Tax Law; neither was the action of the court in suspending sentence taken pursuant to section 483 of the Code of Criminal Procedure; it was rather an indefinite reprieve. Except, therefore, for the mandate of the Legislature, that the defendant convicted should be actually imprisoned, we should hold that the court had inherent power to suspend sentence. But the power to suspend sentence as an incident to judicial procedure is a power to postpone the imposition of the sentence, and not to suspend execution after sentence has been pronounced. Except for the power to stay temporarily execution pending further judicial proceedings, relief from the operation of the sentence falls within the scope of the executive, and not judicial power. Until judgment is pronounced, the case is still *sub judice;* and, unless otherwise provided by law, the court has power to defer the imposition of the judgment, or, in other words, suspend sentence. When once pronounced, in the absence of further judicial proceedings justifying a stay, the power of the court over the execution of the sentence is gone. The distinction is plainly set forth in the Forsyth case (supra.) The difference between the judicial power to postpone pronouncing judgment, and the executive power to relieve

from a sentence passed, lies at the base of that decision. The opinion in Ex parte United States (242 U. S. 27) is broad enough to deny to the court the power to postpone the imposition of the sentence, except temporarily pending further judicial proceedings or, perhaps, an application for pardon, but upon the facts in that case the decision was that the execution of the sentence, after it was imposed, could not be suspended except temporarily and incidental to other proceedings. The decisions of this court at Special Term (People v. Goodrich, 149 N. Y. Supp. 406, and People ex rel. Schindler v. Kaiser, 95 Misc. Rep. 681), in so far as they are inconsistent with this decision, are not approved.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred.

Final order and order of the County Court of Orange county affirmed.