## CITY MAGISTRATES COURT.

### November, 1918.

### THE PEOPLE ex rel. AUGUST J. GILMAN v. GUY L. DOTY.

(1.) SUSPENSION OF SENTENCE—LAWS 1918, CH. 457.

> The power of a magistrate to suspend the execution of a sentence in whole or in part may only be exercised at the time of the imposition of a sentence. He has no power to suspend a setnence in whole or part subsequent to that time.

GEORGE W. SIMPSON, Magistrate:

On July 29, 1918, the defendant pleaded guilty of disorderly conduct upon his arraignment before me on that charge. The court made careful and repeated inquiry to make sure he understood the full intent and purpose of his plea. He was remanded for investigation and thereafter sentenced to six months in the workhouse. Application is now being made (after defendant has served over three months of his sentence) to suspend the sentence as to the unexpired balance of the time and place him on probation on the ground that his further detention will cause and is causing serious detriment to his health. Section 2188, as amended, is relied upon as sustaining my right to act as a matter of power.

In People ex rel. Forsyth v. Court of Sessions (141 N. Y. 288) the court held that the power to suspend sentence in courts of record having jurisdiction in criminal cases was inherent and did not depend upon any statute for its existence. Since that decision the United States Supreme Court in Ex parte United States (242 U. S. 27) has held that the power to suspend sentence is not inherent in the courts. However, in People ex rel. Hirschberg v. Seeger (179 App. Div. 792, 794) it

was held that the question not being a federal one, the Forsyth case must be followed in this State. All the cases relating to the subject of suspension of sentence concern themselves with or contemplate the court acting *immediately* following a conviction.

In People ex rel. Boehm (176 App. Div. 401) it was held that a court did not have the power at the time of imposing sentence to suspend the execution of a part thereof, and in People ex rel. Hirschberg v. Seeger (179 App. Div. 792) the court arrived at the same conclusion on different reasoning and emphasized that the executive power must be invoked to relieve from a sentence passed.

To avoid the effect of these decisions section 2188 of the Penal Law was amended by chapter 457, Laws of 1918, to give magistrates broader powers in the matter of suspension of sentence and also give courts and magistrates the power at the time of imposing sentence to suspend the execution of a part or the whole of the sentence or judgment.

Under the foregoing citations section 2188 of the Penal Law, as thus amended, does not give a court or magistrate power to suspend the execution of the whole or a part of the judgment except in accord with the terms of the section. And the terms of the section are that the court or magistrate may do one of two things (1) " suspend sentence," (2) " or impose sentence *and* suspend the execution of the whole or a part of the judgment." Note the disjunctive " or." If sentence is not suspended then the court or magistrate must " impose sentence *and*," etc. Note when the alternative is acted upon he must act at the time of imposing sentence because of the conjunction " and," and exercise the power to suspend in whole or part or not at all. This is so because this newly added power, under the cases, is purely statutory and in the absence of language expressly requiring a contrary construction may not be con-

strued in contradiction of the natural effect of the conjunctive " and " in the alternative grant of power.

If the intention of the Legislature was to give the magistrates power to modify a sentence after the prisoner had served part of the term, it would practically repeal the provision of the Inferior Criminal Courts Act, for the Inferior Criminal Courts Act specifically defines the power of the magistrates to modify or rather to consent to a modification only in cases where the defendant (female) is committed to the reformatory or to the New York City Home for the Aged and Infirm upon the recommendation of the head of the institution, or, in domestic relations cases, upon the consent of the wife of the defendant or upon the consent of the parties to the proceedings.

The power of the magistrate to suspend the execution of a sentence in whole or part may only be exercised *at the time* of the imposition of a sentence. He has no power to suspend a sentence in whole or part *subsequent* to that time.

For the foregoing reasons I have no power to grant the application made herein to suspend at this time any part of the sentence imposed on July 29, 1918.

Application denied.