THE PEOPLE ex rel. WILLIAMS *vs.* THE COURT OF SESSIONS OF WAYNE COUNTY.

Courts of sessions, as authorized under the judiciary act of 1847, have not power to grant new trials.

Where, in a court of sessions, the defendant had been found guilty of arson in the third degree, and the court granted a new trial upon the merits, and refused to pass sentence according to the verdict, it was held that the granting of a new trial was a nullity, and a mandamus was awarded to compel the court to proceed and pass sentence.

*Semble,* that a court of Oyer and Terminer has power to grant new trials. Per JOHNSON, J.

This was an application for a mandamus to compel the court of sessions to proceed to the sentence of William Case, who was convicted in said court, of arson in the third degree. The court on motion of the defendant granted a new trial upon the merits and refused to pass sentence according to the verdict.

*S. K. Williams,* (Dist. Att'y,) for the People.

*Jas. E. Smith,* for the defendant.

*By the Court,* JOHNSON, J.    Courts of Sessions, as organized under the judiciary act of 1847, are courts of limited and inferior jurisdiction, having no powers, except such as are conferred by statute, like the former courts of general sessions of the peace.    In the case of *The People* v. *The Justicee of the Sessions of the County of Chenango,* (1 *Johns. Cas.* 180; *S. C.,* 2 *Caines' Cas. in Error;* 319,) it was held that the court of general sessions of the peace had no power to grant a new trial in criminal cases upon the merits.

This was put expressly on the ground that the court was a court of limited and inferior powers, incapable of doing any act or of exercising any authority beyond the express grant of the statute.    It was said in that case that no inferior jurisdiction can possess this power of granting new trials without an express authority.

The same judges held in *The People* v. *Townsend,* (1 *Johns. Cas.* 104,) that courts of Oyer and Terminer may grant new trials.    There seems to be considerable conflict in the decisions in this state, as to the power of courts of Oyer and Terminer to grant new trials upon the merits.    (*The People* v. *Stone,* 5 *Wend.* 39; *The People* v. *Comstock,* 8 *Wend.* 549; *The People* v. *The Judges of the Dutchess Oyer and Terminer,* 2 *Barb. S. C.* 282.)    But there is no conflict as to the power of courts of sessions.    The rule laid down in *The People* v. *The Justices of Chenango,* has been, as we think, universally acquiesced in, and is the settled law of this state.    Courts of Oyer and Terminer have full criminal jurisdiction and are the only courts in the state having such powers.    And there are strong reasons in favor of the exercise of this power by the court of Oyer and Terminer, which do not apply to criminal courts of inferior jurisdiction.    This question of the power of courts of Oyer and Terminer can not be regarded as being definitely settled, and we are inclined to think the better opinion is that

courts of Oyer and Terminer are clothed with this power and that the true difference in the power of the two courts in this respect, is that of full jurisdiction in the one, and qualified and restricted powers in the other.

The court of sessions should have proceeded to pass sentence in pursuance of the conviction and their award of a new trial was a nullity.

A mandamus must, therefore, be awarded.

SUPREME COURT.  Onondaga General Term, October, 1852.
*W. F. Allen, Hubbard* and *Pratt,* Justices.