## JONAS H. MILLER *vs.* GEORGE I. FINKLE.

The statute requiring the court to limit the time of sentence of a convict, so that his imprisonment in the state prison shall expire between March and November, is merely directory, and a failure to comply with such requirement does not render the sentence void.

If, by inadvertence in passing sentence, a requirement of the statute has been overlooked, the court may correct the judgment at the same term and before the sheriff has proceeded to execute it. Such correction may be made by expunging or vacating the first sentence and passing a new sentence.

The disqualification consequent upon a sentence by which all the civil rights of the person sentenced are suspended, commences as does the running of the time of imprisonment, from the moment of passing sentence.

The effect of vacating a sentence and pronouncing a new sentence at the same term, is the same upon the civil rights of the defendant, as if the first judgment had been reversed on error, and the defendant had been again convicted on a second trial.

Where a defendant was sentenced, so that his term of imprisonment in the state prison would expire in December, and afterwards, at the same term, the sentence was vacated and a new sentence was pronounced for a shorter term, but so that it would expire in October, and the defendant after the first sentence and before the second sentence, executed an assignment of his book accounts to another person, it was held that such assignment was valid.

This was an appeal from the county court of the county of Columbia. The action was brought originally in a justice's court to recover upon a note for $50 and interest.

The defendant in his answer claimed the right to set off against the plaintiff's demand certain balances of account, which the plaintiff had formerly owed to Peter Finkle and Calvin Finkle, and which had been assigned to the defendant before suit brought. The plaintiff recovered before the justice and the defendant appealed to the Columbia county court where the cause was referred to Darius Peck, Esq., as referee, who reported nothing due to the plaintiff, and the county court on motion refused to set aside the report.

On the trial before the referee, it appeared that said Calvin

Miller v. Finkle.

and Peter Finkle were, on the 18th day of June, 1847, tried before the court of General Sessions of Columbia County and convicted of a felony, and on the day last aforesaid, were severally sentenced to imprisonment in the state prison for three years and six months. This sentence was entered in the minutes of the court. On the next day, that is to say, on the 19th day of June, 1847, the clerk by directions of the court made an entry in the minutes immediately below the sentence aforesaid, expunging said sentence and thereupon proceeded to sentence said Calvin and Peter Finkle anew, for the term of three years and four months, which last sentence was entered by the clerk; and under a certified copy thereof said Calvin and Peter Finkle were taken by the sheriff to the state prison. The correcting of the sentence was made in consequence of the court discovering that the imprisonment under the sentence as at first pronounced would not terminate at the season of the year prescribed by law.

On the 19th day of June, 1847, after the first sentence and before it was altered, Calvin and Peter Finkle made the assignments of their accounts to the defendant; and the question presented was, whether the civil rights of Calvin and Peter Finkle were suspended at that time, so as to vitiate such assignments.

*E. P. Cowles,* for plaintiff.

*Theo. Miller,* for defendant.

*By the Court,* PARKER, J. — It was provided by the statute of 1836 (*Laws of* 1836, *page* 230, § 6), that in cases where convicts shall be sentenced to be imprisoned in the state prison for a longer period than two years, " the court before whom the conviction shall be had shall so limit the time of sentence, that it will expire between the month of March and the month of November, unless the exact period of the sentence may be fixed by law." The sentence pronounced against Calvin and Peter Finkle was not in accordance with this requirement. It

Miller *v.* Finkle.

was a sentence for two years and six months, and under it, the imprisonment would have terminated in December. The defendant's counsel argues that the sentence was therefore void. But that position is not tenable. The statute is merely directory. There was no want of jurisdiction. The time for which they were sentenced was within the limit prescribed by the act for the punishment of the offence. The sentence of the 18th June, therefore, notwithstanding the neglect to comply with the requirement of the act of 1836, was binding and operative, unless it was rendered otherwise by the subsequent proceedings.

On the 19th day of June, the court having discovered the error, ordered the sentence, which had been pronounced on the day preceding, to be expunged, and the order was entered accordingly. The court then proceeded to sentence the prisoners to an imprisonment of two years and four months, a certified copy of which last sentence was delivered to the sheriff, under which they were imprisoned in the state prison. This proceeding was in effect vacating the judgment first pronounced; and it is necessary to consider whether the court had power to do so and what was its legal effect upon the transaction in question.

The courts certainly have not the power to pardon. That is vested by the constitution exclusively in the governor. But courts have power over their own records and judgments, which may be exercised in certain cases and to a certain extent. This by no means infringes upon the power of pardon. The courts can not forgive or remit, or absolve from the consequences of a criminal judgment. But they may see that the judgment itself is in conformity to law. Thus, they may reverse on error, or review on certiorari. If, by inadvertence in pronouncing a sentence, a requirement of the statute has been overlooked, it may be corrected by the same tribunal, before further action is taken.

I think it a safe rule to lay down, that a court of criminal jurisdiction may vacate or modify a judgment at the same term at which it is pronounced, and before the sheriff has proceeded to execute it.

In *King* v. *Price et al.* (6 *East R.* 322), the defendants had been convicted of perjury and sentenced to imprisonment for one month and transported beyond seas seven years. Afterwards, at the same term, the court vacated the judgment (which Lord Ellenborough observed might be done at any time within the said term), and passed a different sentence, viz.: that each should pay £20, and be imprisoned in Newgate six months and be afterwards transported for six years. The correctness of such a practice was also recognized by the king's bench in *King* v. *Justices of Leicestershire* (1 *Maul. & Selw.* 442), and have been acted on in other cases. ( 1 *Chitty's Cr. L.* 772.)

I think the court therefore had the right to expunge or vacate the first sentence, and to pass a new sentence; that the first sentence became void and inoperative, and the second sentence a valid and binding judgment: as much so as if the first sentence had been reversed on error, and the second sentence had been pronounced after a conviction upon a second trial.

The next question to be considered is, what was the effect of the first sentence upon the assignments to the defendant? At the time these assignments were executed, the first sentence was in full force. The statute provides (2 *R. S.* 701, § 19), that " a sentence of imprisonment in the state prison for any term less than for life suspends all the civil rights of the person so sentenced, and forfeits all public offices and all private trusts, authority or power, during the term of such imprisonment." This disqualification commences, as does the running of the time of the imprisonment, from the moment of passing sentence. If, therefore, the sentence had not been vacated, the assignments would have been void, the assignors being incompetent to execute such instruments.

But what was the effect of the vacating of the sentence? I think it was precisely the same as if the sentence had been reversed on writ of error. When a judgment is reversed, all proceedings and sales under and by virtue of it are void at common law (6 *Cowen R.* 297; 8 *Paige*, 143, 9 *do.* 635), and

it has been deemed necessary to provide by statute (2 R. S 375, sec. 68), that in cases, where the title to real estate which shall have been sold under a judgment shall fail in consequence of such judgment having been vacated or reversed, the purchaser shall have his action against the party for whose benefit the real estate was sold to recover the amount paid on the purchase thereof with interest. This enactment was necessary for the protection of the purchaser, for the reason that the proceedings were void.

The vacating of the sentence rendered it inoperative from the time it was pronounced, so that it could not invalidate the assignments in question.

I think, therefore, the setoff was properly allowed, and that the judgment of the county court should be affirmed.

Judgment affirmed.

---

SUPREME COURT.   Albany General Term, February, 1853.
*Watson, Parker* and *Wright,* Justices.