THE PEOPLE OF THE STATE OF NEW YORK EX REL. GEORGE A. BENTON, DISTRICT ATTORNEY OF THE COUNTY OF MONROE, RESPONDENT, *v.* THE COURT OF SESSIONS OF MONROE COUNTY, APPELLANT. ·

*Suspension of sentence after conviction is improper.*

Under the criminal laws, now in force in this State, a court has no discretion, after conviction, to suspend judgment during the good behavior of the defendant.

The effect of section 12 of the Penal Code, and of sections 471, 482 and 483 of the Code of Criminal Procedure, is to require the trial court, after a conviction upon a verdict or plea of guilty, to fix the punishment and pronounce judgment at a time to be named by it.

The provision of the Code of Criminal Procedure, that judgment must be rendered if no sufficient cause be alleged why the court should not pronounce judgment, contemplates only such a cause as has a legal bearing upon the guilt of the accused, or such as may first be brought to the attention of the court after conviction, as, for instance, arresting judgment for the various causes stated in the Code, or an order granting a new trial.

APPEAL by the defendant, the Court of Sessions of Monroe County, from a final order of the Supreme Court made and entered at the Monroe Special Term, on the 6th day of July, 1892, providing that a peremptory writ of *mandamus* issue out of the court, directed

to the defendant, commanding that the defendant cause to be brought. before it the body of one John Attridge, and impose sentence upon him on his plea of guilty to an indictment for grand larceny in the second degree.

*H. B. Hallock*, for the appellant.

*George A. Benton*, for the respondent.

MACOMBER, J.:

One John Attridge was indicted by the grand jury of the Monroe Oyer and Terminer, in January, 1892, for grand larceny in the second degree, in that, while in the employ of the firm of Brewster, Crittenden & Co., as salesman and collector, he wrongully appropriated to his own use the sum of $2,000 of the firm's money. The case having been sent for trial to the Court of Sessions of Monroe county, the prisoner was arraigned and pleaded guilty to the indictment. Thereupon the county judge of Monroe county presiding at the Court of Sessions, pronounced judgment against the accused and sentenced him to confinement in the Elmira Reformatory until discharged by law. The court, however, was composed, in this instance, of the county judge and two justices of Sessions. Both of the latter dissented from the sentence as pronounced by the presiding judge. The prisoner, having been remanded to the custody of the sheriff, was subsequently discharged upon a writ of *habeas corpus* issued by a justice of the Supreme Court, who decided that the sentence imposed by the county judge was not legal, because it was not by a majority of the court, and, for that reason, remanded the prisoner to the custody of the sheriff in order that the Court of Sessions might pronounce a legal sentence.

On the 14th day of March, 1892, the prisoner appeared again in the Court of Sessions when the district attorney renewed his motion that judgment be pronounced. The justices of sessions announced, as the decision of the majority of the court, that sentence would be suspended during the good behavior of the defendant. The county judge dissented.

There is no conflict in respect to the facts of this case. The justices of sessions appeared to have acted, in part at least, upon a petition signed by sixty-nine citizens of the city of Rochester, men of high character and representing nearly all professions and busi-

nesses, requesting that sentence of the accused be suspended, for the reason that he had made restitution to his employers of all the moneys embezzled by him, and that, in the judgment of the petitioners, an opportunity should be given to him to lead a better life without the disgrace of confinement and punishment in a penal institution.

Though the accused, after being discovered in his embezzlements, had departed the State, he voluntarily returned into the State and the jurisdiction of its courts, but after proceedings had been instituted for his extradition. It is claimed for him, however, that, having become penitent, he had determined to return and give himself up to justice of his own motion.

The accused is a young man of twenty-two years of age, having a wife and child to support, and was of previous good character. These and other circumstances stated in the petition to the court, as well as matters doubtless within the knowledge of a majority of the court, appealed strongly for leniency, in this particular instance, with a view of enabling this young man, during a course of good behavior, to redeem his character, as far as possible, from the stain placed upon it. There are, probably, not many judges of experience who have not, under like circumstances, and in the like hope of redeeming youth from criminal ways, assumed the existence, in the criminal courts, of this prerogative, and have suspended judgment after conviction, and who have witnessed flowing therefrom no evil, but good alone. Our observation leads us to believe that, assuming such discretionary power to exist, there has not been, in general practice, such an abuse of it as to call for rebuke or animadversion. The case of the accused appeals strongly for the exercise of such discretionary power.

If such power existed under our criminal laws, the order appealed from should be reversed and the prisoner allowed to go upon his own recognizance, until such time as he should violate the conditions imposed upon him. But we are constrained to say, that our criminal laws permit of the exercise of no such discretion. Section 12 of the Penal Code, is as follows : " The several sections of this Code, which declare certain crimes to be punishable as therein mentioned, devolve a duty upon the court authorized to pass sentence, to determine and impose the punishment prescribed."

Section 471 of the Code of Criminal Procedure, provides : "After

a plea or verdict of guilty, or after a verdict against the defend-ant on a plea of a former conviction or acquittal, if the judgment be not arrested or a new trial granted, the court must appoint a time for pronouncing judgment." And section 482 provides: "If no sufficient cause be alleged or appear to the court why judgment should not be pronounced, it must thereupon be rendered."

Section 483 of the Code of Criminal Procedure provides that "where a discretion is conferred upon the court as to the extent of the punishment," it may hear, in a summary way, facts in aggrava-tion or mitigation of the punishment.

These provisions of the Codes require the criminal courts, after a conviction of the accused person upon a verdict, or upon a plea of guilty, to fix and prescribe the punishment, and pronounce judg-ment at a time to be named by the court.

Section 482 of the Code of Criminal Procedure above quoted, does not contemplate a case where "no sufficient cause can be alleged" why the court should not pronounce judgment, except such cause or causes as have a legal bearing upon the guilt of the accused, or such as may first be brought to the attention of the court after such conviction; as, for instance, arresting the judgment for the various causes stated in the Code, or an order granting a new trial. It is not sufficient cause to show, as was done in this instance, that the prisoner had borne a good character before this accusation was made against him; that he was sorry for his offense, and had made money restitution, or that his punishment would be a sore affliction to him-self and to the members of his family; these things commonly attend the conviction of all persons for crimes.

We are unable to find anything in the criminal laws of this State permitting the criminal courts thus to exercise a *quasi* power of pardon after conviction.

It follows, therefore, that the order directing a peremptory writ of *mandamus* to issue, directing the Court of Sessions of Monroe county to bring before it John Attridge and to pronounce judg-ment against him, should be affirmed.

Order appealed from affirmed and a peremtory writ of *mandamus* directed to be issued.