(14 Misc. Rep. 617.)

## PEOPLE ex rel. DUNNIGAN v. WEBSTER.

(Supreme Court, Special Term, Monroe County. December, 1895.)

CRIMINAL LAW—SUSPENSION OF SENTENCE—COURT OF SPECIAL SESSIONS.

Pen. Code, § 12, as amended by Laws 1893, c. 279, provides that the court authorized to impose punishment may in certain cases "in its discretion suspend sentence during the good behavior of the person convicted." *Held*, that the section conferred on the court of special sessions the power to suspend sentence of a defendant convicted on a plea of guilty, and to impose a sentence and commit defendant thereon at a later date.

Application by Anna Dunnigan for discharge on a writ of habeas corpus from imprisonment in the Monroe county penitentiary, of which the respondent, Charles A. Webster, is superintendent. Prisoner remanded.

Thomas Spratt and George E. Van Kennen, for relator.
Geo. W. Hurlbut, Asst. Dist. Atty., for the People.
Charles A. Kellogg, for respondent.

RUSSELL, J. On the 21st of November, 1895, the relator pleaded guilty to a charge of leasing a house in the city of Ogdensburg for the purposes of prostitution. The proceeding was had before the recorder of the city of Ogdensburg, sitting as a court of special sessions. Upon such plea sentence was suspended, and the relator suffered to go at large until the 4th day of December, 1895, when, being again before the recorder, sentence was imposed by him of confinement in the Monroe county penitentiary for the term of six months.

On this proceeding the sole claim of the relator for her discharge appears to be that the sentence was void, because the recorder was functus officio in that case, and had no authority, after allowing a prisoner to go upon a plea of guilty, to again subject her to his jurisdiction. I have no doubt but that, if her claim is well founded, she may be discharged upon this proceeding, notwithstanding the apparent exclusion, by section 2016 of the Code of Civil Procedure, in habeas corpus proceedings, of cases of detention by virtue of a final judgment of a competent tribunal of criminal jurisdiction. The constitution gives the remedy of habeas corpus in cases of illegal detention, and the legislature cannot narrow its scope. Tweed's Case, 60 N. Y. 559.

There have been various cases holding that, when a magistrate tries a criminal, sitting as a court of special sessions, the court is organized pro hac vice only, and, with the end of that case, by judgment which should follow conviction or a plea of guilty, the court of special sessions loses its jurisdiction to do aught further in that criminal proceeding. Starks' Case (Sup.) 1 N. Y. Supp. 721; Smith's Case (Sup.) 9 N. Y. Supp. 181; Carter's Case, 48 Hun, 165. It is unnecessary, however, to consider these decisions as conclusive upon the question here involved, for those were cases where the magistrate had imposed sentence, and had, therefore, completed the work of the court. It matters not that the sentence imposed by him was void, for he had no power to set aside or disregard his own action, and impose a new sentence.

The whole theory of the right to suspend sentence is based upon a different exercise of power than that of the imposition of sentence. If courts of special sessions have power to suspend sentence, this implies the power, at the expiration of the suspension, to complete the work. Otherwise, the announcement of a suspension of a sentence would be a discharge. A suspension means an interregnum of the period between conviction and final judgment. The power is worthless, and does not in fact exist, if a suspended right to impose a sentence may not be exercised at the termination of the period of suspension.

Do courts of special sessions have the power to suspend sentence? Up to the year 1893 there was no statutory power given to any courts in this state to suspend sentence, but that courts of record had such power inherently is beyond doubt. Forsyth's Case, 141 N. Y. 288, 36 N. E. 386. I am cited to no case by either side which withholds from courts of special sessions the same power as criminal courts of record have in this respect. Why do courts of record

have this power? It is manifest that it is a common-law power, flowing incidentally from a right to impose punishment. It is assumed that a court which may punish may also fix the time when the sentence defining the punishment shall be passed, and may withhold punishment entirely unless their power be otherwise limited by express statutory enactment.

Courts of special sessions act within a much narrower sphere than those which have the power to try graver causes of offenses, but within that restricted sphere have all the powers incidental to the proper discharge of duty. If they may not sentence for long terms, it is still just as essential to the exercise of the power to sentence at all that they shall be able to appoint the day when sentence shall pass, or to suspend sentence entirely or for a limited period. I can see no distinction between the incidental powers of courts in those respects, except as to the term of imprisonment. This power is recognized, if not expressly given, by section 12 of the Penal Code, which provides as follows:

"The several sections of this Code, which declare certain crimes to be punishable as therein mentioned, devolve a duty upon the court authorized to pass sentence to determine and impose the punishment prescribed; but such court may in its discretion suspend sentence during the good behavior of the person convicted, where the maximum term of imprisonment prescribed by law does not exceed ten years and such person has never before been convicted of a felony."

This power to suspend was added to the section by the legislature of 1893 (chapter 279), and modifies the provision of the Revised Statutes in regard to courts of special sessions, now incorporated in section 717 of the Code of Criminal Procedure, which requires, upon a plea of guilty or conviction, the court to render judgment thereon of fine or imprisonment, or both.

It may also be fairly argued that, for all the purposes of their action, courts of special sessions are, by Code Cr. Proc. § 11, now made courts of record, except as to the provisions of the constitution providing for the removal of magistrates who may hold such courts. Whether, by analogy, the provision of the Code of Criminal Procedure limiting the term in which the sentence may be imposed (section 470a) is applicable to courts of special sessions, or not, is immaterial to the consideration of the legal question here involved. It may, however, be fairly deemed a wise subject for legislative action to have the powers of magistrates sitting as courts of special sessions more clearly defined in the respects indicated.

The prisoner is remanded to the custody of the superintendent of the penitentiary. Prisoner remanded.