CROPSEY, Dist. Atty., v. TIERNAN, County Judge.

Appeal of FRIEDMAN.

(Supreme Court, Appellate Division, Second Department. May 5, 1916.)

MANDAMUS ☞61—RELIEF—SCOPE.

Where the County Court failed to impose the sentence on accused required by law, a peremptory writ of mandamus, requiring the imposition of such sentence, may be awarded by the Supreme Court, directing imposition of sentence, for the County Court might, if it perceived its error, have corrected the judgment and no issue of fact was involved.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 122–126; Dec. Dig. ☞61.]

Appeal from Special Term, Kings County.

In the matter of the application of James C. Cropsey, as District Attorney of Kings County, for a peremptory writ of mandamus against J. Harry Tiernan, individually and as County Judge, directing that legal sentence be pronounced on Morris Friedman. From an order granting the peremptory writ, Morris Friedman appeals. Affirmed.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

K. Henry Rosenberg, of New York City (Abraham J. Halprin, of New York City, on the brief), for appellant.

Ralph E. Hemstreet, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for respondent.

JENKS, P. J. The County Court of Kings County had imposed a sentence of one year in the New York county penitentiary, whereas the statutes required a sentence of at least five years in a state prison. Sections 1308 and 1941, Penal Law (Consol. Laws, c. 40). The mandamus was obeyed, and the defendant appeals from the said order of the Special Term. Thereafter, upon application of the district attor-

---

ney of Kings county, the Special Term of the Supreme Court issued a peremptory writ of mandamus to the County Court of Kings County to impose a sentence upon the defendant that was prescribed by the said statutes.

If the County Court, when it perceived its error, had expunged the first sentence and pronounced a sentence required by law, there could have been no legal objection to such procedure. Miller v. Finkle, 1 Parker Cr. R. 374, cited and approved in Ex parte Lange, 18 Wall. 174, 21 L. Ed. 872; People v. Trimble, 60 Hun, 617, 14 N. Y. Supp. 949, affirmed 131 N. Y. 118, 29 N. E. 1100. That the County Court refused or neglected so to do is but an incident. So far as this record shows, there was no issue of fact raised at the Special Term, and there was nothing before the court save the condition heretofore stated. We think that the writ could issue, and that the order should be affirmed. People ex rel. Benton v. Court of Sessions, 66 Hun, 550, 21 N. Y. Supp. 659; People ex rel. Williams v. Court of Sessions, 1 Parker Cr. R. 369; Matter of Runk, 200 N. Y. 447, 94 N. E. 363; People v. Superior Court of N. Y., 5 Wend. 115, 127. All concur.