I think, therefore, the judgment should be affirmed.

HOWARD, J., concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.

---

In the Matter of the Application of JAMES C. CROPSEY, as District Attorney of Kings County, Respondent, for a Peremptory Writ of Mandamus against J. HARRY TIERNAN, Individually, and as County Judge of Richmond County, Acting in and for the County of Kings, and the COUNTY COURT OF KINGS COUNTY.

MORRIS FRIEDMAN, Appellant.

Second Department, May 5, 1916.

Crime — correction of erroneous sentence — mandamus.

Where a court imposes a sentence in a criminal action less than that required by positive statute, it may correct the error and impose the legal punishment.

Such correction of the sentence may be required by peremptory writ of mandamus where there is no issue of fact involved.

APPEAL by Morris Friedman from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of July, 1915, granting an application by the district attorney of Kings county for a peremptory writ of mandamus directing

J. Harry Tiernan, individually and as county judge, and the County Court of Kings county to impose sentence as required by law upon the appellant Friedman.

*K. Henry Rosenberg* [*Abraham J. Halprin* with him on the brief], for the appellant.

*Ralph E. Hemstreet, Assistant District Attorney* [*James C. Cropsey, District Attorney,* with him on the brief], for the respondent.

JENKS, P. J.:

The County Court of Kings county had imposed a sentence of one year in the New York County Penitentiary, whereas the statutes required a sentence of at least five years in a State prison. (Penal Law, §§ 1308, 1941.) Thereafter, upon application of the district attorney of Kings county, the Special Term of the Supreme Court issued a peremptory writ of mandamus to the County Court of Kings county to impose a sentence upon the defendant that was prescribed by the said statutes. The mandamus was obeyed, and the defendant appeals from the said order of the Special Term.

If the County Court, when it perceived its error, had expunged the first sentence and pronounced a sentence required by law, there could have been no legal objection to such procedure. (*Miller* v. *Finkle,* 1 Park. Cr. Rep. 374, cited and approved in *Ex parte Lange,* 18 Wall. 174; *People* v. *Trimble,* 60 Hun, 364, 367; affd., 131 N. Y. 118.) That the County Court refused or neglected so to do is but an incident. So far as this record shows, there was no issue of fact raised at the Special Term, and there was nothing before the court save the condition heretofore stated. We think that the writ could issue and that the order should be affirmed. (*People ex rel. Benton* v. *Court of Sessions,* 66 Hun, 550; *People ex rel. Williams* v. *Court of Sessions,* 1 Park. Cr. Rep. 369; *Matter of Runk,* 200 N. Y. 447; *People* v. *Superior Court of N. Y.,* 5 Wend. 115, 127.)

STAPLETON, MILLS, RICH and PUTNAM, JJ., concurred.

Order affirmed.