THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ORGIE HEATH, Respondent.*

First Department, December 9, 1932.

*John C. McDermott* of counsel [*Thomas C. T. Crain, District Attorney*], for the appellant.

*Harry Quailer,* for the respondent.

SHERMAN, J. An indictment found by the grand jury of the county of New York charged defendant under section 408 of the Penal Law with the commission of a felony, in that he possessed burglars' tools with the intent of using or allowing others to use them and in that prior thereto he had been convicted in this county of the crime of burglary in the third degree, which was a felony (Penal Law, § 407, as amd. by Laws of 1926, chap. 436, since amd. by Laws of 1932, chap. 275) punishable by imprisonment for a term not exceeding ten years. Defendant pleaded guilty.

The appeal here is taken, under section 518 of the Code of Criminal Procedure, by the People, particularly from that part of the judgment of the Court of General Sessions, New York county, which sentences defendant to State prison for the term of three years and from the order of that court denying the People's motion for a resentence. We must determine whether that sentence is in conformity with the applicable statutes.

* Appeal dismissed, 261 N. Y. 662.

Section 408 of the Penal Law, to a violation of which as charged in the indictment, defendant pleaded guilty, is as follows: "Burglar's instruments. A person who makes or mends, or causes to be made or mended, or has in his possession in the day or night time, any engine, machine, tool, false key, picklock, bit, nippers or implements adapted, designed or commonly used for the commission of burglary, larceny or other crime, under circumstances evincing an intent to use or employ, or allow the same to be used' or employed, in the commission of a crime, or knowing that the same are intended to be so used, shall be guilty of a misdemeanor, and if he has been previously convicted of any crime, he is guilty of a felony."

The sections of the Penal Law which govern the punishment are sections 1935 and 1941.

Section 1935 is as follows: "Punishment of felonies when not fixed by statute. A person convicted of a crime declared to be a felony, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment for not more than seven years, or by a fine of not more than one thousand dollars, or by both."

The applicable portion of section 1941 is as follows: "Punishment for second offense of felony. A person who, after having been convicted within this State, of a felony, * * * commits any felony, within this State, is punishable upon conviction of such second offense, as follows:

" If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction."

The trial court ruled that inasmuch as, but for the prior conviction, defendant's later crime would have been only a misdemeanor, the court was justified in so regarding it upon sentence day; and that it was improper to utilize the prior felony conviction which had already enlarged the crime into a felony, as a basis for the greater punishment required upon conviction of the second felony.

It may well be that the sentence imposed was as the court undoubtedly believed, a sufficient punishment for the later crime, but the plain and unmistakable language of the statute cannot be disregarded. Its voice is imperative, leaving the court no alternative but to enforce its mandate, for the Legislature has clearly enacted that the prior criminal record of a defendant convicted of an earlier crime is one of the controlling factors which fix the extent

of the punishment to be inflicted upon him. (*People* v. *Paradiso*, 248 N. Y. 123, 125; *People* v. *Gowasky*, 244 id. 451.)

There is no specific punishment provided for the felony of possessing burglars' instruments with the intent set forth in the indictment. Under section 1935 of the Penal Law, one, so convicted, may be imprisoned for a term of " not more than seven years." The period of seven years is, accordingly, the longest term. Under section 1941, the defendant " must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction."

Since undoubtedly the judgment of conviction was correct but the sentence imposed does not conform to the statute, the said judgment should be affirmed, the sentence set aside as illegal, the order appealed from reversed, and defendant remanded for resentence.

FINCH, P. J., O'MALLEY and TOWNLEY, JJ., concur; MARTIN, J., dissents and votes for affirmance of said judgment and order.

MARTIN, J. (dissenting). For the reasons set forth in the dissenting opinion filed this day in the case of *People* v. *Coleman* (237 App. Div. 211), I dissent and vote to affirm the judgment and order appealed from herein.

Judgment affirmed, the sentence set aside as illegal, the order appealed from reversed, and defendant remanded for resentence.