THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* WILLIAM COLEMAN, Respondent.*

First Department, December 9, 1932.

*John C. McDermott* of counsel [*Thomas C. T. Crain, District Attorney*], for the appellant.

*George N. Starke,* for the respondent.

SHERMAN, J. For the reasons stated in the prevailing opinion in *People* v. *Heath* (237 App. Div. 209), handed down herewith, the judgment of conviction was correct but the sentence imposed does

not conform to the statute; therefore, the said judgment should be affirmed, the sentence set aside as illegal, the order appealed from reversed, and defendant remanded for resentence.

FINCH, P. J., O'MALLEY and TOWNLEY, JJ., concur; MARTIN, J., dissents and votes for affirmance of said judgment and order.

MARTIN, J. (dissenting). The facts in this case are not in dispute. The defendant was convicted on October 2, 1923, in the county of Monroe, Penn., of the crime of robbery and sentenced to Eastern Penitentiary for a term of not less than three years and six months and not more than seven years. On February 3, 1932, the defendant pleaded guilty to the crime of criminally carrying a pistol after conviction of a crime as charged in the indictment. On February 17, 1932, the district attorney filed an information alleging that the defendant had been once previously convicted of a crime. On March 15, 1932, on a plea of guilty, the defendant was sentenced to imprisonment in a State prison for the term of three years and on March 18, 1932, the district attorney moved that the sentence imposed on March 15, 1932, be set aside. The motion was denied and this appeal is taken from the denial of that motion.

To fully consider the question here involved it is necessary to refer to the following sections of the Penal Law:

" § 1897. Carrying and use of dangerous weapons.

" 1. A person who * * * possesses any instrument or weapon * * * or any other dangerous or deadly instrument, or weapon, is guilty of a misdemeanor, and if he has been previously convicted of any crime he is guilty of a felony."

" § 1935. Punishment of felonies when not fixed by statute. A person convicted of a crime declared to be a felony, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment for not more than seven years, or by a fine of not more than one thousand dollars, or by both."

" § 1937. Punishment of misdemeanors when not fixed by statute. A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both."

" § 1941. Punishment for second offense of felony. A person, who, after having been convicted within this State, of a felony, or an attempt to commit a felony, or, under the laws of any other

State, government, or country, of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction of such second offence, as follows:

" If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction."

In interpreting section 1941 of the Penal Law the court said: " In order to establish the instant crime as a felony the previous offense had necessarily to be incorporated in the present conviction.

" My interpretation of the law is that if the prior crime is a necessary part of the instant conviction, it cannot again be considered as a previous conviction, because it was a part of the present felony, and this offense upon which he is now being sentenced would not be a felony but for the commission of that previous offense.

" I agree with the counsel for the defense in his interpretation of the law and will sentence in this case on the theory that the previous felony was incorporated in the present conviction, without which the present conviction would not be a felony but a misdemeanor. Hence I hold that the offense which is the subject matter of the information, alleged as a previous felony, is not a previous felony within the meaning of the statute and I will sentence this defendant as if he were a first offender."

The People contend that the defendant was not properly sentenced under section 1941. To sustain that contention it is pointed out that under the Baumes Laws the intention was to increase the punishment prescribed for the first conviction because of the persistence of the defendant in a career of crime and to make such increased punishment mandatory. It is argued that since the longest term that one can be sentenced to for the felony of carrying a dangerous weapon is seven years, he must be sentenced to that term as a second offender.

The respondent relies upon the fact that his prior conviction for a felony was used to increase the degree of the crime from a misdemeanor to a felony, and argues that it cannot be again brought forward and used to inflict upon him the maximum sentence as a second offender.

The statute which makes the carrying of a dangerous weapon a misdemeanor makes it a felony only in case of a previous conviction. The previous conviction therefor is given full consideration and cannot be used a second time to make the defendant a second offender.

The provisions of section 408 of the Penal Law defining the crime of possessing burglars' instruments and the provisions of section 1897 of the Penal Law defining the crime of possessing concealed weapons make these crimes felonies, where the person offending has previously been convicted of a crime, otherwise they are misdemeanors. This clearly indicates that it was the intention of the Legislature to single out these two crimes as crimes for which increased punishment should be meted out where the person offending has previously been convicted of a crime. (*People* v. *Reilly*, 49 App. Div. 218; affd., 164 N. Y. 600.)

Instead of providing for such punishment in a separate section, the Legislature saw fit to declare its intention to impose a more severe punishment by providing in section 408 and in section 1897 of the Penal Law that a person who has been previously convicted of a crime and thereafter is found in possession of burglars' tools or is found in possession of one of the weapons enumerated in section 1897 of the Penal Law, shall be treated for the purpose of punishment as if he had in fact committed a felony rather than a misdemeanor. It was not the intention of the Legislature to use the self-same incident of previous conviction of a crime for more than one purpose, especially when that one purpose was to provide for increased punishment. It is not the policy of our courts, nor was it the intention of the Legislature to impose double penalties, nor to permit a person to be twice punished for the same crime. That was the view taken by the Appellate Division, Second Department, in the case of *People* v. *O' Neill* (231 App. Div. 834). In that case the defendant was indicted for the crime of forgery. He was also tried for the possession of a gun. This gun was used in the commission of the forgery. He was convicted under section 1897 of the Penal Law and sentenced. Thereafter he was tried for the forgery and convicted; and upon his conviction for forgery, added punishment was imposed upon him for the possession of the gun in connection with the forgery, under section 1944 of the Penal Law. Upon appeal from the sentence on the forgery, the court held that the defendant was in fact put in double jeopardy when he was punished the second time for the possession of the gun under section 1944 of the Penal Law, having already received punishment for such possession when he was tried and convicted of the crime of possessing a concealed weapon.

While the facts in the *O' Neill* case are not exactly like the facts in the case under consideration, the principle involved is the same.

In the *O' Neill* case the court said: " The imposition of that sentence precluded the State from having recourse to the self-same incident as a basis for a still further or added sentence

under section 1944 of the Penal Law when the defendant pleaded guilty to the crime of forgery in an indictment that contained no reference to his possession of a weapon while committing the crime of forgery. To sustain the imposition of a further or added sentence under section 1944 of the Penal Law would, in such circumstances, give countenance to placing a person twice in jeopardy for the same or identical act   *   *   *."

In the case here under consideration the defendant, although held by the trial court not to be a second offender under section 1941 and held not to be amenable to the provisions of section 1941, nevertheless was properly held to be a person who was not entitled to the benefits of the provisions of section 2189 of the Penal Law which deals with punishment to be meted out to first offenders.

Under section 2189 of the Penal Law a person is not entitled to an indeterminate sentence who has heretofore been convicted of a crime punishable by imprisonment in a State prison. In the case under consideration, while the defendant was not a second offender, he was, nevertheless, a person who could not receive an indeterminate sentence but who must receive a determinate sentence, and such sentence was in fact imposed, and properly so. (*People v. Rosen*, 208 N. Y. 169.)

For the purpose of imposing punishment the prior conviction of the defendant has spent its force when used for the purpose of raising the possession of a pistol from a misdemeanor to the grade of a felony. Having been so used for that purpose, it would be equivalent to subjecting the defendant to double jeopardy if it were used a second time with the view of increasing the defendant's punishment again by charging him, in effect, with being a second offender under section 1941 of the Penal Law.

In other words, if the contention of the district attorney is correct, the application of the statutes which he says apply might quadruple the punishment which a defendant might receive who was guilty of possessing a dangerous weapon, if he had been before convicted of a felony, by the sole use of the first conviction for a felony, first to make the second offense a felony, and then to make the defendant a second offender.

No such punishment was ever contemplated by the so-called Baumes Laws. Such a result would require a very strained construction and one never intended by the Legislature.

The judgment and order appealed from are correct and should be affirmed.

Judgment affirmed, the sentence set aside as illegal, the order appealed from reversed, and defendant remanded for resentence.