In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, Petitioner, against ALBERT C. MOORE, as a Judge of the District Court of the County of Nassau, Respondent.

Supreme Court, Special Term, Nassau County, January 2, 1945.

*Nathaniel L. Goldstein, Attorney-General (Sidney Tartikoff* of counsel), for petitioner.

*Marcus G. Christ, County Attorney,* for respondent.

Cuff, J.   The sentence imposed December 31, 1942, by a District Judge of Nassau County sitting as a court of special sessions was for the defendant " to pay a fine of $500 or to be imprisoned in the Nassau County Jail 1 day for each $1.00 of fine unpaid and to serve 1 year in the county jail.   Execution of jail sentence suspended.   Probation for 1 year ".   The defendant appealed from the judgment of conviction and sentence to the County Court and the Court of Appeals, respectively; both appellate courts affirmed the District Court (*People* v. *Kelhoffer,* 181 Misc. 731, affd. 292 N. Y. 622).   During the pendency of the appeals, the defendant was admitted to bail,

having obtained appropriate certificates of reasonable doubt. The Court of Appeals issued its remittitur April 14, 1944, as follows: " that the record aforesaid, and the proceedings in this Court, be remitted to the County Court, Nassau County, there to be proceeded according to law " and on April 19, 1944, the County Court of Nassau County entered an order making the order and judgment of the Court of Appeals the order and judgment of the County Court. That action, together with the remittitur, placed the " record " of the litigation in the County Court. The fine imposed was paid in the County Court on May 1, 1944. Returning the District Court proceeding to the County Court by the Court of Appeals accords with the statute (Code Crim. Pro., § 769. The District Judge who sentenced the defendant, by proper order on July 21, 1944, revoked that part of the sentence which suspended the imprisonment and ordered that the " 1 year in the county jail " be served. The question arises, which court, District or County, should issue the commitment of the defendant now sentenced to jail?

The Attorney-General, on behalf of the People of the State of New York, petitions for an order, pursuant to article 78 of the Civil Practice Act, directing the District Judge to take the necessary action. The District Judge appears in opposition by the county attorney. The defendant has not appeared.

Power in a court to suspend sentence or the execution of sentence harks back to early times. It was recognized at common law long before the advent of this nation. (*People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288; *People ex rel. Dunnigan* v. *Webster,* 14 Misc. 617; 1 Bishop's Criminal Procedure, § 1124.) Inclusion of the power in the criminal procedural enactments of this State (L. 1893, ch. 279) was unnecessary. (N. Y. Const., art I, § 14; *People* v. *Bradner,* 107 N. Y. 1.) The power to revoke the suspension of the sentence, likewise recognized by the common law, follows as a corollary of the authority to impose it (*People ex rel. Dunnigan* v. *Webster,* 14 Misc. 617, 618, *supra*), but in spite of that the State clothed " The court, judge, justice or magistrate * * * " specifically with such power (Penal Law, § 2188).

An imposition of punishment containing a suspension of sentence, unlike the usual disposition which may not be disturbed once formally entered (*People* v. *Elliot,* 140 Misc. 685), is in the nature of a living judgment under the control of the sentencing tribunal. It lives as an ever-present governor of the defendant's conduct during the longest period for which he could have been imprisoned, awaiting direction from its creator. The

defendant's filing of a notice of appeal is without effect upon it. In no way, save by a proper order of court, may its lasting and continuous nature be diminished. Viewing the suspended sentence control as a thing indestructible (always excepting a reversal of the judgment) curtails no rights but adds strength to its intended aims. Revocation of the suspension and issuance of the commitment only translates the suspended sentence into a form which it was always anticipated it might assume. No court but the sentencing court may make that translation. (*People ex rel. Woodin* v. *Ottaway,* 247 N. Y. 493, 497.) Its effect (actual imprisonment) may be stayed, by a competent court, pending appeal, upon a showing that the review sought is not a mere gesture (Code Crim. Pro., § 527). These observations point out the nature of the " suspended sentence."

The appeal was taken from that living judgment over which the sentencing court never lost its control. Appeal procedure which removed the litigation into the County Court could not and did not disturb that common-law control which the District Court inherently and continuously enjoyed as long as the judgment stood. The statutory appeal procedure itself sustains that view. The District Court is officially informed when an appeal from its judgment is taken (Code Crim. Pro., § 520–522). It is not so informed of the outcome of the appeal because it never again sees the record (Code Crim. Pro., § 769*). That means that the State considers the result of the appeal of no moment to the district judge in the discharge of his duties, one of which is for that court—and that court alone (*People ex rel. Woodin* v. *Ottaway, supra*) — to determine applications looking toward revocations of the suspended sentences imposed by it and to give effect to its judgments. Section 769 of the Code of Criminal Procedure treats exclusively with proceedings " necessary to carry the judgment upon appeal into effect ". Issuing a commitment which was conceived in a suspended sentence forms no part of effectuating the appellate court's judgment. With respect to revocations of suspended sentences and issuing commitments, therefore, no ouster of the District Court was intended by section 769. By the same token, the County Court to which the remittitur was returned from the Court of Appeals receives under the law no official notice that the suspended sentence has been revoked by the District Court. On what official information, therefore, may the County Court issue the commitment? The answer is none,

---

* Providing that any proceeding necessary to carry the judgment upon the appeal into effect must be had in the county court.— [Rep.

because that feature of the record was never before the County Court.

The effect of the certificates of reasonable doubt in this situation is not for decision because they had expired by their own terms before the order revoking the suspended sentence had been entered. Application granted.