In the Matter of Frank S. Hogan, as District Attorney of New York County, Petitioner, against Owen W. Bohan, as a Judge of the Court of General Sessions, Respondent.

Supreme Court, Special Term, New York County, January 3, 1951.

*Frank S. Hogan, District Attorney (Richard G. Denzer* and *Chester E. Kleinberg* of counsel), for petitioner.

*Owen W. Bohan, Florence M. Kelley, Benjamin Schmier* and *Allan J. Parker* for respondent.

*Irving Novis, amicus curiæ.*

BENVENGA, J.    This is a proceeding under article 78 of the Civil Practice Act for an order directing a Judge of the Court of General Sessions to impose sentence on the defendant Connolly upon his plea of guilty to the crime of attempted forgery in the second degree.

In April, 1950, when defendant Connolly appeared before the court for sentence, he was told that an information had been filed accusing him of having been twice previously convicted of felonies.  After being apprised of his right to a trial concerning the truth of the allegations in the information, the defendant admitted the prior convictions, and the court thereupon suspended sentence on defendant.

The question is whether the court had power, in the exercise of discretion, to suspend sentence upon a defendant convicted as a third felony offender, or whether the court, under the circumstances, was under a mandatory duty to impose sentence.

It would seem that, since the defendant was a third offender, the provisions of section 1941 of the Penal Law became applicable.  So far as pertinent, that section provides that a person who, after having been once or twice convicted of a felony, commits any felony, " must ", upon conviction of such second or third offense, be sentenced to imprisonment and given increased punishment therein prescribed.  Moreover, since the defendant owed six years and eight months of the sentence previously imposed upon him, he became subject to the provisions of section 242 of the Correction Law, which prescribes that where a prisoner, discharged on a reduced sentence as therein provided, is " convicted " of a felony during the period between his discharge and the expiration of his full term, he " shall ", in addition to the sentence which may be imposed for such felony, be compelled to serve the remainder of the term of the prior sentence without reduction.

Admittedly, the court suspended sentence to avoid the " mandatory " provisions of section 1941 (*supra*), on the theory that the Court of Appeals, by its decision in *Matter of Richetti* v. *New York State Bd. of Parole* (300 N. Y. 357), had laid down a formula for " getting around " these mandatory provisions,

" without doing what we have been doing for years ". But clearly, the *Richetti* case does not lay down any formula, the effect of which would be to circumvent or evade the provisions of a mandatory statute. The *Richetti* case was a habeas corpus proceeding, involving the construction of the word " conviction " in section 242 of the Correction Law (*supra*). The court held, following a long line of precedents, that it was the imposition of sentence and not the plea of guilty that constituted a " conviction " within the meaning of the statute. Moreover, the court left open the question of whether a trial court has the power to suspend sentence in the case of a second or third felony offender, the court expressly stating (p. 360) that " the question * * * has not been argued here and we do not pass upon it."

In determining the precise question presented, the history of section 2188 of the Penal Law (formerly Penal Code, § 12), governing suspension of sentence, and section 1941 of the Penal Law (formerly Penal Code, § 688), dealing with punishment of second or third felony offenders, should be considered.

Until the decision in *People ex rel. Forsyth* v. *Court of Sessions* (141 N. Y. 288), it was doubtful whether at common law the courts possessed the power to suspend sentence. In affirming the existence of such power, the Court of Appeals had to reverse cogent lower court decisions to the contrary (see *People ex rel. Benton* v. *Court of Sessions,* 21 N. Y. S. 659, affd. 66 Hun 550).

It is to be noted that, before the decision in the *Forsyth* case, section 12 of the Penal Code, which made it the " duty " of the court to impose sentence, was amended by chapter 279 of the Laws of 1893, so as to empower the court, in its discretion, to suspend sentence " during the good behavior of the person convicted, where the maximum term of imprisonment prescribed by law does not exceed ten years and such person has *never* been convicted of a felony." (Italics supplied; see, also, Code Crim. Pro., § 470-a, added by L. 1893, ch. 651.)

This new provision in section 12, the Court of Appeals held, was " declaratory " of the law as it had always existed, and not inconsistent with the power to suspend sentence (*People ex rel. Forsyth* v. *Court of Sessions, supra,* pp. 293–294; see, also, *Matter of People* v. *Moore,* 184 Misc. 444, 446).

In any event, the provisions of section 12 of the Penal Code were carried into section 2188 of the Penal Law. As it now reads, section 2188 prescribes that sentence shall not be suspended if the defendant is convicted (a) of a crime not punish-

able by death or life imprisonment, or (b) as a fourth felony offender under section 1942 of the Penal Law, or (c) of a felony committed while armed with a weapon, as provided in section 1944 ·of the Penal Law.

It is true that section 2188 does not refer to, or exclude from its operation, persons convicted as second or third felony offenders under section 1941 of the Penal Law. Section 2188 should, however, be construed in connection with sections 1941, 1942, 2189, 2190 of the Penal Law and with other sections *in pari materia.* When so construed, it will become manifest that the Legislature intended to make a distinction in the matter of punishment between persons never before convicted of felony and those previously convicted thereof. Thus, persons never before convicted of felony are entitled not only to the benefit of a suspended sentence (Penal Law, § 2188), but also to the mercy of an indeterminate sentence of a shorter duration (Penal Law, § 2189), whereas persons previously convicted of felony *must* be sentenced and given the increased punishment prescribed by statute (Penal Law, §§ 1941, 1942, 2190).

The theory of sections 1941 and 1942 of the Penal Law (the so-called Baumes Laws), which prescribe increased punishment for previous felony offenders is that they have not reformed since their first offense but have persisted in breaking the law (*People* v. *Bergman,* 176 App. Div. 318, 319–320; *People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540, 544–545). These statutes are mandatory. They provide " a mechanistic rule " to take the place of the discretionary powers of the court in passing sentence on prior felony offenders (*People v. Gowasky,* 244 N. Y. 451–466; *Matter of Dodd v. Martin,* 248 N. Y. 394, 397–399; *People* v. *Heath,* 237 App. Div. 209, 210–211, appeal dismissed 261 N. Y. 662; *People* v. *Coleman,* 237 App. Div. 211, appeal dismissed 261 N. Y. 662; *People* v. *Washington,* 237 App. Div. 603, appeal dismissed 262 N. Y. 538). In addition, as already pointed out, a prior felony offender who owes time on an unexpired sentence previously imposed upon him *must* serve such time in addition to the sentence imposed on conviction of any felony committed during the probationary period (Correction Law, § 242; *Matter of Richetti* v. *New York State Bd. of Parole, supra*).

Of course, there can be no doubt of the power of the court to suspend sentence " in any proper case ", or, in other words, to " defer " the imposition of sentence (*Matter of Richetti* v. *New York State Bd. of Parole, supra,* p. 360; *People ex rel.*

*Hirschberg* v. *Seeger,* 179 App. Div. 792–794). Nor can there be any doubt that such power exists '' unless otherwise provided by law '' (*People ex rel. Hirschberg* v. *Seeger, supra*). Clearly, the law prescribes otherwise in the case of a prior felony offender. In such a case all discretion is withdrawn from the court; the imposition of sentence is mandatory.

The application is granted. Settle order.