Albert H. Bosch, J.
This is a motion for an order granting the dismissal of a charge of violation of probation against this defendant, which was served on this court on October 27, 1961, returnable November 1,1961.
The defendant was indicted on November 17,1953 and charged with the crimes of assault first degree, and carrying dangerous weapon as a felony. Because of his age (18) at the time of the alleged crime he was permitted under the Youthful Offender Law to sign a consent for investigation on November 25, 1953. On January 21, 1954 he was adjudged ineligible for youthful offender treatment, was arraigned on the indictment in the *635 presence of retained counsel and pleaded not guilty. He withdrew his plea of not guilty on May 6, 1954, and pleaded guilty to attempted assault second degree, in the presence of retained counsel. On September 20, 1954 he was sentenced to Elmira Reception Center for an indefinite period, execution stayed, probation for an indefinite period.
Subsequently a Bench warrant was issued for violation of probation on April 2, 1957. On May 22, 1957 he was restored to probation. On July 9, 1958 a Bench warrant was issued for violation of probation. The defendant appeared in court on July 16, 1958 for a hearing and it was adjourned to July 23, 1958 to allow him time to secure counsel. On July 23, 1958 defendant appeared with counsel, was arraigned and bail was fixed at $2,000 and the hearing was adjourned to September 10, 1958. On that date it was adjourned to September 29, 1958 and defendant was continued on bail. On September 29, 1958 defendant failed to appear, bail was forfeited, Bench warrant issued and execution of forfeiture was stayed until October 6, 1958, and upon that date the stay of execution was further stayed to November 6,1958. On November 6,1958 the forfeiture was stayed until February 16, 1959. Not until March 27, 1961 was the defendant arraigned on the Bench warrant of September 29, 1958. As he had no counsel, it was adjourned to September 29, 1961 and the defendant was returned to Bronx County Jail. On September 29, 1961 defendant appeared for a hearing with counsel and was paroled until November 2, 1961. On November 2, 1961 the defendant not being present due to the fact he was in the custody of the Federal authorities, on motion of the attorney making this motion, the defendant was discharged from probation as unimproved.
Inasmuch as this defendant has been discharged, with no objection by the Probation Department, from probation as unimproved it would appear that a decision on this motion is academic. However an examination of the moving papers indicates that the basic reason for the motion is that defense counsel contends that this court had no jurisdiction of this defendant at the time it admitted him to bail on July 23, 1958 because the period of probation expired prior to the date of April 2,1957 when a Bench warrant was issued for violation of probation. Defense counsel contends that because the defendant was never incarcerated under his original sentence of September 20, 1954, the maximum time of his probation on a sentence for attempted assault in the second degree was that provided in the Penal Law (§§ 243, 261), that is, a maximum of two and one-half years as a first offender. Therefore the forfeiture of the *636 bail bond on September 29,1958 was invalid as the court on that date had no jurisdiction over this defendant.
It is conceded that this defendant was never imprisoned under the judgment of conviction of this court of September 20, 1954. It is further a matter of record that this defendant was never imprisoned under the judgment of conviction because of violation of probation. The real issue is what is the length of time that a person is subject to the jurisdiction of this court when they have been sentenced for a felony, committed to the Elmira Reception Center for an indefinite period, execution stayed and placed on probation for an indefinite period.
Defense counsel contends that the maximum period is that provided by the Penal Law, that is, two and one-half years. There is no issue of fact involved. All parties agree to the facts. The issue is a question of law.
This defendant was sentenced under the provisions of article 3-A of the Correction Law. Under section 64 of the Correction Law it provides in part that “ Nothing contained in this article, moreover, shall be construed to deny the right of any court, judge or justice to suspend sentence or the execution of judgment thereon, or to make any other disposition pursuant to law.” It further states that “ The provisions of this article shall apply, however, in every case, where the judgment imposed is imprisonment in a state institution under the jurisdiction of the department.” (Emphasis supplied.) Under section 2184-a of the Penal Law any male person sentenced between 16 and 21, may be committed to any institution under the jurisdiction of the Department of Correction for classification pursuant to article 3-A of the Correction Law instead of sentencing him pursuant to the provisions of law for the crime for which he was convicted. This clearly indicates a legislative intent that the court has the power to sentence a person under the provisions of article 3-A of the Correction Law rather than under the appropriate section of the Penal Law which would indicate a maximum of such term of sentence. The amendment to section 2184-a of the Penal Law (L. 1954, ch. 803) struck out that portion which read “ the maximum term, provided by law for the crime for which the person so convicted and sentenced” and in its place substituted the words “ five years ”.
Section 933 of the Code of Criminal Procedure provides that a person convicted of an offense less than a felony may be kept on probation for a period not beyond three years. Section 2184-a of the Penal Law provides that a person sentenced under article 3-A of the Correction Law for a felony shall not be imprisoned for a period exceeding five years.
*637 An examination of cases dealing with the question of the period of time within which a defendant on probation is within the jurisdiction of the court indicates that such period is limted to the time ‘ ‘ ‘ within the longest period for which the defendant might have been sentenced. ’ " (People ex rel. Valiant v. Patton, 221 N. Y. 409, 411; People ex rel. Vivona v. Conboy, 7 A D 2d 810 [34].) As so ably stated in Matter of People v. Moore (184 Misc. 444, 446) “An imposition of punishment containing á suspension of sentence * * * is in the nature of a living judgment under the control of the sentencing tribunal. It lives as an ever-present governor of the defendant’s conduct, during the longest period for which he could have been imprisoned, awaiting direction of its creator.” (Emphasis supplied.)
It would be considerably less than realistic to hold that where a defendant has been given the benefits of probation, rather than imprisonment, he could subsequently argue that in addition to being allowed on probation he also was entitled to a fixed maximum sentence for a felony under the Correction Law. Although this is dicta to the motion, the court holds that on July 23, 1958, this court had jurisdiction of the defendant by reason of the sentence imposed on September 20, 1954.
By reason of the fact the defendant has been discharged from probation on November 2, 1961, the motion is denied as being academic at this time.